IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>FRANCISCO ONTIVEROS-SALAZAR,<br><br>                Defendant. | FINDINGS OF FACT,<br>CONCLUSIONS OF LAW,<br>AND ORDER<br><br>Case No. 2:08CR62 DAK |

This matter is before the court on Defendant Francisco Ontiveros-Salazar's Motion to Suppress. An evidentiary hearing on the motion was held on April 3, 2008. After briefing by the parties, closing arguments were heard on April 29, 2008. At the hearings, Defendant was represented by Benjamin A. Hamilton, and the United States was represented by Dan Brown. Before oral argument, the court carefully considered all pleadings, memoranda, and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Findings of Fact, Conclusions of Law, and Order.

### FINDINGS OF FACT

On January 11, 2008, Deputy Librada Chacon ("Deputy Chacon") of the Salt Lake County Sheriff's Office was on patrol, driving eastbound on the 21st South Freeway/201 Highway at approximately 4:00 p.m. She observed a vehicle in the slow lane, which she believed was not displaying a license plate. The vehicle was being driven by the defendant, Francisco Ontiveros-Salazar. Other than the missing license plate, Deputy Chacon did not

observe any other moving or equipment violations.  After following the vehicle for one to two minutes, Deputy Chacon initiated a traffic stop based on the absence of a license plate.  Mr. Ontiveros-Salazar pulled his vehicle to the side of the road, and Deputy Chacon approached the vehicle.  Deputy Chacon requested that the driver provide his driver's license, vehicle registration, and proof of insurance.  As she was returning to her patrol car to check on the status of the driver and vehicle, she observed a temporary registration in the lower left part of the rear view window of the vehicle.

Deputy Chacon testified that the temporary registration tag observed in the vehicle was valid.  After obtaining Mr. Ontiveros-Salazar's documents, Deputy Chacon searched the vehicle and found evidence of drug crimes, and when questioned, Mr. Ontiveros-Salazar made incriminating statements.  Mr. Ontiveros-Salazar was taken into custody and later charged with Possession of Controlled Substance With Intent to Distribute, in violation of 21 U.S.C. §841(a)(1).

## CONCLUSIONS OF LAW

The court finds that the search of Defendant's vehicle was unlawful because Deputy Chacon had no reasonable suspicion that justified the stop of Defendant's vehicle.  The Fourth Amendment protects against unreasonable searches and seizures, and a traffic stop constitutes a seizure under the Fourth Amendment. U.S. Const. Amend. IV; *United States v. Manjarrez*, 348 F.3d 881, 884 (10th Cir. 2003).  "A traffic stop, however brief, constitutes a seizure within the meaning of the Fourth Amendment, and is therefore only constitutional if it is 'reasonable.'" *United States v. Callarman*, 273 F.3d 1284, 1286 (10th Cir. 2001)(citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)).

In *United States v. Botero-Ospina,* the Tenth Circuit opined on the standard governing the reasonableness of traffic stops: "[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." 71 F.3d 783, 787 (10th Cir. 1995); *see also United States v. Holt*, 264 F.3d 1215, 1220 (10th Cir. 2001)("We have consistently applied the principles of *Terry v. Ohio* to routine traffic stops."). When determining whether an officer has reasonable articulable suspicion, the subjective motivations of the officer are irrelevant, as the proper inquiry is from an objective officer's point of view. *United States v. Botero-Ospina,* 71 F.3d 783, 787 (10th Cir. 1995); *see also Whren v. United States*, 517 U.S. 806, 813 (1996)(adopting an objective approach); *United States v. Cortez*, 449 U.S. 411, 417-18 (1981) ("Reasonable suspicion is 'a particularized and objective basis' for suspecting the person stopped of criminal activity.") (emphasis added).

The instant case is factually similar to *United States v. Edgerton*, where the court analyzed "whether the unobscured temporary Colorado registration tag, displayed consistent with Colorado law in the rear window of Defendant's vehicle but illegible from a distance due to nighttime conditions, constituted a violation of Kansas law, thereby justifying Defendant's continuing detention." 438 F.3d 1043, 1045 (10th Cir. 2006). The court determined that once the officer was able to "read the Colorado tag and deem it unremarkable...[he] should have explained to Defendant the reason for the initial stop and then allowed her to continue on her way without requiring her to produce her license and registration." *Id*. at 1051.

Specifically addressing the facts, the *Edgerton* court held that "[e]very temporary tag is more difficult to read in the dark when a car is traveling 70 mph on the interstate. But that does

3

not make every vehicle displaying such a tag fair game for an extended Fourth Amendment seizure." *Id*. Like the court in *Edgerton*, this court finds that an officer's failure to see a properly displayed and valid temporary tag does not justify the stop of a vehicle. Utah law requires that a permit be "displayed at the rear of the motor vehicle, in a place where the printed information on the permit and the expiration date may be easily seen." U.A.C. R877-23V-5. Further, temporary permits may specifically be placed in rear windows, as well as in the typical license plate or permit holder. *Id*.

Here, Deputy Chacon first observed Mr. Ontiveros-Salazar's vehicle at 4:00 in the afternoon, and followed it for approximately one to two minutes before initiating the traffic stop. After turning on her lights, she followed as the vehicle pulled to the side of the road, and then exited her vehicle and approached Mr. Ontiveros-Salazar's vehicle. This gave Deputy Chacon ample time to observe the rear of Mr. Ontiveros-Salazar's vehicle. Deputy Chacon did not testify that anything was obscuring the temporary tag, blocking the window, or otherwise impeding her view of the vehicle. The temporary tag was properly placed in the rear window of the vehicle, and the actual tag was not covered or otherwise illegible. Deputy Chacon testified that the temporary tag was "slightly dangling off" the window because the tape was not properly affixed, but the evidence demonstrates otherwise.

The photograph submitted by Defendant as Exhibit B was taken by law enforcement shortly after the stop and prior to any alteration of the vehicle's interior. This photograph shows the rear window of the vehicle, and that the temporary tag is properly affixed to the window and is not dangling off in any way. Further, the photographs submitted by Defendant as Exhibits C, D, and E, show the rear window of the vehicle with tape residue, evidencing that the tag was

likely properly attached and not dangling off. These photographs also show a piece of blank piece of paper taped in the window, acting as a substitute for the since-removed temporary tag, showing how easily visible the temporary tag was to anyone driving or standing behind the vehicle. The evidence clearly shows that a valid temporary tag was properly affixed to and easily visible in the rear window of Mr. Ontiveros-Salazar's vehicle. Deputy Chacon's failure to observe that tag was simply unreasonable, as any reasonable officer would have easily observed the tag.

As the Court stated in *Edgerton*, an officer's failure to observe a properly affixed temporary registration tag cannot support a stop of the vehicle. 438 F.3d 1043. Because Defendant complied with Utah law by properly placing a valid and legible temporary tag in the rear window of his vehicle, and Deputy Chacon observed no other traffic or equipment violations, there is nothing to support the stop of Mr. Ontiveros-Salazar's vehicle. Accordingly, the stop was unlawful, requiring suppression of all that followed therefrom - including the collection of all information, documents, and/or evidence.

## CONCLUSION

Based on the above reasoning, IT IS HEREBY ORDERED that Defendant's Motion to Suppress is GRANTED.

DATED this 22nd day of May, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge